UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUCCI AMERICA, INC.,

                            Plaintiff,

-against-

VARIOUS JOHN DOES, JANE DOES,
and XYZ COMPANIES,

                            Defendants.

**Civil Action No.**

**06 CV 5847**

## TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; EXPEDITED DISCOVERY ORDER; ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION; SUBSTITUTE CUSTODIAN ORDER, ORDER TEMPORARILY SEALING THE COURT FILE AND ORDER CONFIRMING BOND

Upon the Complaint herein and the exhibits annexed thereto, upon the moving declarations, and the Memorandum submitted in support of this Motion, it is hereby:

ORDERED, that Defendants show cause before this Court at Courtroom 26B, United States District Courthouse, 500 Pearl Street, New York, New York, on the 12th day of October, 2006 at 10:00 a.m., or as soon thereafter as counsel can be heard, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65, should not be issued preliminarily and temporarily restraining and enjoining Defendants, their agents, servants, employees, attorneys, officers, directors, and all persons, firms and corporations in active concert and participation with them, pending the final hearing and determination of this action:

1. From using the following trademarks registered with the United States Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| GUCCI | 876,292 | 9/9/69 | 1) Vacuum bottles, compacts sold empty and vanity cases sold empty.<br><br>2) Pocketbooks, wallets, travel and duffle bags, attaché cases, toilet cases sold empty and shoe bags.<br><br>3) Desk sets including blotters, desk pads, letter openers, pencil holders, and a leather tray.<br><br>4) Shoes and boots.<br><br>5) Umbrellas. |
| GUCCI | 959,338 | 5/22/73 | Watches. |
| GUCCI | 1,093,769 | 6/20/78 | Pens. |
| [crest logo] | 1,097,555 | 7/25/78 | Neckties, scarves, belts, footwear, shirts, sweaters, coats, suits, dressing gowns, hats, socks, dresses, and bathing suits. |
| [crest logo] | 1,097,483 | 7/25/78 | Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, card cases, key cases, passport cases, cosmetic cases, attaché cases, valises, suitcases, duffle bags, necktie cases, umbrellas, saddles, bridles, walking sticks, canes wholly or partially made of leather. |
| GG | 1,106,722 | 11/21/78 | Neckties, scarves, belts, footwear, shirts, sweaters, coats, suits, dressing gowns, hats, socks, dresses, and bathing suits. |
| GG | 1,107,259 | 11/28/78 | Address books, agendas, note books, playing cards, stationary, pens, letter openers, desk pads, ink blotters, book ends, paper weights, letter holders, book covers, card cases. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| GG (logo) | 1,107,311 | 11/28/78 | Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, card cases, partly and wholly of leather, key cases, passport cases, cosmetic cases, attaché cases, valises, suitcases, duffles, necktie cases; umbrellas, saddles, bridles, walking sticks, and canes. |
| Gucci crest (logo) | 1,112,601 | 2/6/79 | Key rings. |
| MARK IS A STRIPE WITH 3 DISTINCT BANDS OF COLOR- GREEN/RED/ GREEN. | 1,122,780 | 7/24/79 | Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, card cases, passport cases, cosmetic cases, attaché cases, valises, suitcases, duffles, necktie cases, umbrellas, saddles, bridles, walking sticks, canes, and key cases. |
| MARK IS A STRIPE WITH 3 DISTINCT BANDS OF COLOR- GREEN/RED/ GREEN. | 1,123,224 | 7/31/79 | Goods made or coated with precious metal- namely, candle holders, watches, cufflinks, bracelets, pendants, key rings, paperweights, earrings, rings, necklaces, ice buckets, goblets, stylized animal containers and letter openers. |
| GG (logo) | 1,127,167 | 12/4/79 | Perfume, bath soap, cologne and after-shave. |
| Gucci crest (logo) | 1,132,675 | 4/8/80 | Candle holders made wholly or partly of precious metal, watches, cufflinks of precious metal, bracelets, pendants, earrings, rings, necklaces, stylized animal containers made wholly or partly of precious metal. |
| GUCCI | 1,140,598 | 10/21/80 | Perfume; After-Shave Lotion; and Cologne. |
| GG (logo) | 1,158,170 | 6/23/81 | Clothing-Namely, Neckties, Scarves, Belts, Footwear, Shirts, Sweaters, Coats, Suits, Dressing Gowns, Hats, Socks, Dresses, and Bathing Suits. |
| GUCCI | 1,168,477 | 9/8/81 | Neckties; Scarves; Belts; Footwear; Shirts; Sweaters; Coats; Suits; Dressing Gowns; Hats; Socks; Dresses and Bathing Suits. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| GUCCI | 1,168,922 | 9/15/81 | Key Rings. |
| GUCCI | 1,169,019 | 9/15/81 | Eyeglass Cases. |
| GUCCI | 1,200,991 | 7/13/82 | Bracelets, Rings, Necklaces, Cufflinks, Pendants, Pins, Money Clips, Keyrings, and Pill Boxes, All Made Wholly or in Part of Precious Metal. |
| GUCCI | 1,321,864 | 2/26/85 | Eyeglasses and Parts Therefor. |
| GUCCI | 1,340,599 | 6/11/85 | Jewelry-Namely, Earrings, Collar Bars and Tie Bars Made Wholly or in Part of Precious Metal. |
| (logo) | 1,464,522 | 11/10/87 | Watches, cufflinks, made or coated with precious metal, bracelets, pendants, earrings, made or coated with precious metals, rings and necklaces. |
| MARK IS A STRIPE WITH 3 DISTINCT BANDS OF COLOR-GREEN/RED/ GREEN. | 1,483,526 | 4/5/88 | Footwear. |
| MARK IS A STRIPE WITH 3 DISTINCT BANDS OF COLOR-BLUE/RED/ BLUE. | 1,495,863 | 7/12/88 | Footwear. |
| ENVY | 1,899,517 | 6/13/95 | Perfume. |
| (logo) | 1,990,197 | 7/30/96 | Neckties, scarves, belts, footwear, shirts, sweaters, coats, suits, dresses, bathing suits, pants, blouses, skirts, blazers, clothing made wholly or partially of fur, namely, fur lined coats, fur and fur lined jackets, fur lined boots. |
| (G logo) | 2,042,805 | 3/11/97 | Handbags, belts, gloves. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| G (logo) | 2,068,107 | 6/3/97 | Belts, gloves. |
| ENVY | 2,151,968 | 4/21/98 | Essential oils for personal use, perfumes, eaux de parfum, eaux de toilette, deodorants for personal use, soaps and liquid soaps for use on the human body, cosmetic body milks, cosmetic body powders, cosmetic body oils, bubble bath, cosmetic bath and shower preparations, namely, bath salts, bath gel and bath oils. |
| G (logo) | 2,234,272 | 3/23/99 | Watches and clocks. |
| (watch design) | 2,369,842 | 7/25/00 | Watches. |
| GUCCI RUSH | 2,530,253 | 1/15/02 | Perfumes, colognes, eau de toilette and aftershave lotion. |
| S.N.M. | 2,611,854 | 8/27/02 | Clothing, namely suits, stockings, shirts, blouses, trousers, skirts; headwear, footwear; articles of outer clothing, namely, jackets, coats; articles of under clothing, namely, underwear; overalls, waistcoats, vests, pantyhose; knitted articles of clothing and articles of clothing made from knitted materials, namely, sweaters, skirts, trousers, dresses; articles of fancy dress, namely, dresses, trousers, shirts, skirts, blouses, suits, scarves, ties, dressing-gowns, bathrobes; sports clothing, namely, sweatshirts, shorts, jogging suits, sweat pants, jackets; sleepwear, hats, socks, belts, caps, gloves, aprons, jeans, neckwear, swimwear. |
| GG pattern | 2,680,237 | 1/28/03 | Jewelry. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| | 2,885,501 | 9/21/04 | Watches. |
| | 3,037,082 | 1/3/06 | Eyeglass frames and sunglasses. |
| | 3,039,794 | 1/10/06 | Neckties, belts, footwear and scarves. |
| | 3,039,631 | 1/10/06 | Eyeglass frames and sunglasses. |
| | 3,039,630 | 1/10/06 | Wallets, purses, handbags, tote bags, business card cases, credit card cases and key cases, partly or wholly of leather. |
| | 3,039,629 | 1/10/06 | Footwear and belts. |
| | 3,052,779 | 1/31/06 | Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, duffel bags, business card cases, credit card cases, key cases, and attaché cases. |
| *Gucci* | 3,061,918 | 2/28/06 | Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, duffel bags, business card cases, calling card cases, credit card cases, name card cases, key cases and attache cases. |
| | 3,072,549 | 3/28/06 | Wallets, purses, handbags, shoulder bags, clutch bags, tote bags, business card cases, credit card cases, partly and wholly of leather, key cases, cosmetic cases sold empty, briefcases, attaché cases, valises, suitcases and duffles. |
| | 3,072,547 | 3/28/06 | Neckties, scarves, belts, footwear and gloves. |

(hereinafter collectively referred to as the "Gucci Trademarks").

2. From receiving, importing, manufacturing, distributing, advertising, promoting, returning, transferring, moving, altering, tampering with, offering for sale or otherwise disposing of in any manner, holding for sale or selling any goods, labels, tags, logos, decals, emblems, signs and other forms of markings, packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, and promotional materials, in their possession, control or custody, bearing a reproduction, counterfeit, copy or colorable imitation of the Gucci Trademarks;

3. From using any logo, trade name or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated with the Plaintiff;

4. From infringing the Gucci Trademarks;

5. From otherwise unfairly competing with Plaintiff;

6. From falsely representing themselves as being connected with Plaintiff or sponsored by or associated with Plaintiff;

7. From using any reproduction, counterfeit, copy, or colorable imitation of the Gucci Trademarks in connection with the publicity, promotion, sale or advertising of goods sold by Defendants including, without limitation, handbags, wallets, belts, watches, scarves, and sunglasses, and other products bearing a reproduction, counterfeit, copy or colorable imitation of the Gucci Trademarks;

8. From affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiff and from offering such goods in commerce;

9. From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiff; and

10. From destroying, altering, disposing of, removing, moving, transporting, tampering with or in any manner secreting any and all business records, including invoices, correspondence, customer/purchase lists, books of account, receipts or other documentation, and equipment and related paraphernalia relating or referring in any manner to or used or which could be used in or for the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the Gucci Trademarks and any other items in their possession, custody or control, including raw materials, and means of manufacture concerning the manufacturing, acquisition, importation, purchase, shipment, sales or offer for sales or distribution of said unauthorized merchandise; and it is further

ORDERED, that pending the hearing of Plaintiff's motion to confirm the seizure authorized herein, the Clerk of this Court is to keep and maintain under seal all papers filed herein, and that public scrutiny of such papers shall not be permitted, subject to Defendants' right to access such papers upon presenting the Clerk of this Court with proper identification after the seizure authorized herein has been carried out; and it is further

ORDERED, that pending the hearing and determination of Plaintiff's motion for preliminary injunction, Defendants, their agents, servants, employees, officers, directors and all other persons, firms and corporations, in active concert or participation with them, be and hereby are, without prior written or oral notice, temporarily restrained and enjoined from in any manner, either directly or indirectly, committing any of the acts set forth in paragraphs 1 to 10 above which are sought to be enjoined by Plaintiff; and it is further

ORDERED, that the United States Marshal for this District, or one or more of his deputies, if readily available, or a local law enforcement officer having jurisdiction, or if it is impractical to obtain assistance from said U.S. Marshal and deputies and other law enforcement officers, then employees and agents of Allegiance Protection Group, Inc., and/or Counter-Tech Investigations Inc., licensed and bonded private investigative agencies experienced in the seizure of counterfeit products, assisted by one or more attorneys or agents of the Plaintiff, is directed to search, seize, impound and sequester from Defendants who are street vendors operating both fixed retail stands and hand trucks carrying large cardboard boxes, itinerant shopkeepers and retailers, or persons in active concert or participation with any of the foregoing, and fixed locations of wholesalers, retailers and storage warehouses: 1) in the area between 39th Street and 62nd Street and bordered by

Tenth Avenue in the west and York Avenue in the east, including Broadway between 44th Street and 48th Street; 2) in the area between Fifth Avenue and Eighth Avenue and between West 25th Street and West 37th Street and, more specifically the neighborhood of West 27th Street to West 30th Street up and down Broadway; and 3) in the Canal Street area bordered by Broome Street to the north, Mott Street to the east, White Street to the south and Varick Street to the west, the following in their possession, custody or control of Defendants:

a. All merchandise bearing any unauthorized reproductions, counterfeits, copies and/or colorable imitations of the Gucci Trademarks, or any markings substantially indistinguishable therefrom, including any carton, container, vessel or vehicle in which said merchandise is carried or stored, regardless of where said carton, container, vessel or vehicle is found;

b. All labels, tags, logos, emblems, signs, and other forms of markings, all packaging, wrappers, pouches, containers and receptacles, and all advertisements, catalogs, price lists, guarantees, and promotional materials, bearing any unauthorized reproductions, counterfeits, copies and/or colorable imitations of the Gucci Trademarks or any markings substantially indistinguishable therefrom, and all plates, molds, dies, tools, machinery, assembly equipment and other means of making the same; and,

c. All business records, including all invoices, shipping documents, billing documents, importation documents, purchase orders, customer and supplier lists, art work, designs, sketches or other raw material, correspondence, books of accounts, receipts, computerized data records, computer hard drives, back-up tapes and other storage media, the originals of which shall likewise be seized and sequestered, showing:

i. Defendants' design, manufacture, order, receipt, distribution or sale of merchandise bearing the Gucci Trademarks either by reference to such trademarks or by style or code number or otherwise; and,

ii. Defendants' design, manufacture, order, receipt, distribution or sale of any labels, tags, logos, decals, emblems, signs, and other forms of markings, packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, guarantees, promotional materials and the like bearing the Gucci Trademarks, either by reference to such trademarks or by style or code number or otherwise; and it is further

ORDERED, that all such sequestered merchandise and materials shall be held by the United States Marshal if possible, or if not, shall be delivered to Plaintiff's attorneys or any agent thereof as substitute custodians for the Court, including an agent of Allegiance Protection Group, Inc. and/or Counter-Tech Investigations Inc., pending further order of this Court; and it is further

ORDERED, that the United States Marshal, other law enforcement officer or agent of Allegiance Protection Group, Inc. and/or Counter-Tech Investigations Inc., authorized to conduct the seizure pursuant to the third preceding decretal paragraph, after having first utilized all reasonable measures and taken all steps reasonably necessary, may use such force as may be reasonably necessary to effect the seizure and sequestration hereinabove, including having the authority to force entry to the premises or vehicle for further execution of this Order; and it is further

ORDERED, that Defendants, their agents and employees, or any other person in charge of Defendants' premises, identify for law enforcement authorities, Allegiance Protection Group, Inc. and/or Counter-Tech Investigations Inc., and counsel for Plaintiff and their employees or agents, the location of all merchandise, documents and equipment concerning merchandise bearing the Gucci Trademarks and Defendants should not, in any way, interfere with authorities or counsel for Plaintiff in the identifying, inventorying and sequestration of said items; and it is further

ORDERED, that Plaintiff shall provide persons capable of determining whether or not an item is covered by the preceding paragraphs and the United States Marshal, other law enforcement officer or agent of Allegiance Protection Group, Inc. and/or Counter-Tech Investigations Inc., shall follow this determination in the seizure; and it is further

ORDERED, that Plaintiff's agents shall promptly inspect the items seized, and if any items are found to be genuine products, such items are to be returned to Defendants within seven (7) business days of the date this Order is executed; and it is further

ORDERED, that Defendants show cause before this Court on the date and place set forth above, or as soon thereafter as counsel can be heard, why an order should not be entered, pursuant to 15 U.S.C. § 1116(d)(10)(A) confirming the seizure authorized herein; and it is further

ORDERED, that while Plaintiff's counsel or its agents may photocopy and review any books and records seized pursuant to this Order, they may not disclose any confidential information contained in such books and records to Plaintiff or any other person pending the hearing of Plaintiff's motion to confirm the seizure authorized herein; and it is further

ORDERED, that the search, seizure and sequestration ordered hereinabove may be photographed and/or videotaped for the purpose of authenticating and assisting in the obtaining of evidence and to prevent subsequent controversy concerning the events occurring during such search, seizure and sequestration; and it is further

ORDERED, that pursuant to 15 U.S.C. § 1116(d)(10)(B) and Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiff be given expedited discovery of Defendants with respect to the manufacture, receipt and sale of merchandise, including but not limited to handbags, wallets, belts, watches, scarves, eyeglasses, containers, fashion accessories, and other products and labels bearing Plaintiff's trademarks, including discovery of the source thereof, the creation of such trademarks, the quantity of goods bearing such trademarks ordered, in inventory and sold by Defendants, and other matters relevant to this action and that such discovery shall take place no later than one (1) day prior to the Show Cause Hearings scheduled herein; and it is further

ORDERED, that the bond in the amount of $5,000 has been posted by Plaintiff and is deemed sufficient as security for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby, or as a result of a wrongful seizure or wrongfully attempted seizure; and it is further

ORDERED, that service of the Summons and Complaint, of this Order, and the supporting Declarations may be made on Defendants by the law enforcement authorities or agents of Allegiance Protection Group, Inc. and/or Counter-Tech Investigations Inc. at the time that the seizure provided herein is effected or by other means at least twelve (12) hours prior to the Show Cause Hearings scheduled herein, and that such service be deemed

sufficient service; or if any Defendant cannot be so found, service shall be made on any agent of such Defendant or Defendants or to the person from whose possession any such articles are taken; and it is further

ORDERED, that copies of the documents filed in this action in support of this Order, but not served, be furnished to Defendants or their counsel upon request; and it is further

ORDERED, that any persons failing to comply with this Order in interfering with law enforcement authorities, counsel for Plaintiff or its agents shall be subject to contempt proceedings before this Court; and it is further

ORDERED, that Defendants' answering papers, if any, be personally filed with this Court and personally served upon Plaintiff's counsel, Dreier LLP, 499 Park Avenue, New York, New York 10022 on or before 4 p.m., one day prior to the Show Cause Hearings scheduled herein.

Defendants are hereby put on notice that failure to attend the Show Cause Hearings scheduled herein may result in the confirmation of the seizure authorized herein and the immediate issuance of the Preliminary Injunction, which may be deemed to take effect immediately upon the expiration or dissolution of the Temporary Restraining Order herein, and shall extend during the pendency of this suit the same injunctive relief previously granted by the Temporary Restraining Order. Defendants are hereby further notified that they may be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

The Court has granted these Temporary Restraining and Seizure Orders without prior written or oral notice to Defendants for the reasons set forth below:

    a.    The entry of any order, other than a seizure order, without notice would be inadequate to protect Plaintiff's interests and will not serve to adequately achieve the purposes of the Lanham Act, 15 U.S.C. § 1114 underlying the claims for trademark counterfeiting and infringement;

    b.    Plaintiff has not publicized the requested seizure;

    c.    Plaintiff has served the United States Attorney for the Southern District of New York with appropriate notice of its application for a seizure order without notice pursuant to 15 U.S.C. § 1116(d)(2);

    d.    Plaintiff is likely to succeed in showing that Defendants have used a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services;

    e.    Plaintiff will sustain immediate and irreparable injury if this Court declines to grant a seizure order without notice;

    f.    The goods to be seized will be located at the place described in the application;

    g.    The harm to Plaintiff, should this Court decline to grant Plaintiff's motion for a seizure order without notice, outweighs any harm to the legitimate interest of the Defendants in the event this Court grants Plaintiff's motion for a seizure order; and

      h.      Defendants, or persons acting in concert with them, would destroy, move, hide or otherwise make inaccessible to the Court the matters and goods, which are subject to the requested seizure order, if Plaintiff is required to proceed on notice.

Dated: New York, New York
       September 14, 2006

                                                      *Thomas P. Griesa*
                                                   UNITED STATES DISTRICT JUDGE

ISSUED: 11:00 A.M.